**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

and

STATE OF WEST VIRGINIA, by and through
the WEST VIRGINIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

      Plaintiffs,

v.                                                                   CIVIL ACTION NO.  2:26-cv-00418

THE CHEMOURS COMPANY and
THE CHEMOURS COMPANY FC, LLC,

      Defendants.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION TO FILE UNREDACTED COMPLAINT UNDER SEAL AND TO
DESIGNATE UNREDACTED COMPLAINT AS A HIGHLY SENSITIVE DOCUMENT**

Plaintiff, the United States of America, moves the Court to file under seal the unredacted

Complaint pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 26.4(c), as it contains

information that Defendants The Chemours Company and The Chemours Company FC, LLC

(collectively, "Chemours") assert constitutes Confidential Business Information ("CBI") under the

Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 *et seq.*, ("TSCA CBI") and that TSCA

currently prohibits the United States from publicly disclosing.

The United States also respectfully asks that the Court designate the unredacted Complaint

as a Highly Sensitive Document ("HSD") under the Court's General Order governing HSDs

because the asserted TSCA CBI is information that Chemours claims constitutes "intellectual

property or trade secrets," and thus the unredacted pleading warrants HSD designation.  Sec. II.A,

1

*In Re: Revised Procedures for the Designation, Submission, Filing and Management of Highly Sensitive Documents and Procedures Governing Currently Sealed Documents* (S.D.W. Va. Apr. 6, 2021) (Gen. Order) ("HSD General Order").

All parties support this motion and the relief requested.

### Background

On June 24, 2026, the United States and the State of West Virginia filed in the public docket a redacted Complaint against Chemours and lodged an unredacted proposed Consent Decree.  ECF Nos. 1, 2-1.  The redactions to the public Complaint are limited to specific words and only in the TSCA parts of the complaint.  They concern descriptions of Chemours' manufacturing processes and the identity of chemicals it uses.  Chemours has identified this information as TSCA CBI in submissions to the United States Environmental Protection Agency ("EPA").  TSCA restricts EPA's public disclosure of information claimed as TSCA CBI.

### Legal Standard

It is well-established that federal courts have inherent authority to seal court filings from public disclosure.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Courts routinely exercise this authority to prevent "harm to a litigant's competitive standing" by shielding from disclosure its trade secrets and confidential business information.  *Id.*; *see also Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (explaining that a business's "interest in preserving the confidentiality of . . . proprietary and trade-secret information" can "justify partial sealing of court records").

At the same time, the public has a general right of access to judicial records based in the common law and, as to certain court records, the First Amendment.  *See Va. Dep't of State Police*

*v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).  That right, while broad, is not absolute and can be overcome in appropriate circumstances.  *See Nixon*, 435 U.S. at 598.

Motions to seal must state (1) "the reasons why sealing is necessary, including why alternatives . . . such as redaction, are inadequate," (2) "the requested duration of proposed seal," and (3) why sealing is proper considering the common law and First Amendment rights of access under controlling precedent.   Loc. R. Civ. P. 26.4(c)(2).

Lastly, an HSD designation requires a showing of the necessity of such designation by, for example, explaining "the extent which the filing . . . includes intellectual property or trade secrets." Sec. II.A, HSD General Order.

<strong>ARGUMENT</strong>

**1.   The Court Should Seal the Unredacted Complaint**

The unredacted Complaint merits sealing because it contains information, such as descriptions of Chemours' manufacturing processes, that Chemours has asserted in submissions to EPA constitutes TSCA CBI.  Under TSCA Section 14(e), EPA is barred from disclosing this TSCA CBI at this time.  *See* 15 U.S.C. § 2613(e).

TSCA regulates the use of chemical substances.  Entities regulated by TSCA, such as chemical manufacturers like Chemours, are often required by the statute to submit information to EPA concerning their operations.  This may include information, like a process for producing chemicals, that a company views as proprietary and thus CBI.  Accordingly, TSCA Section 14 and its implementing regulations establish comprehensive procedures governing EPA's handling of claimed TSCA CBI submitted to the agency.

TSCA's confidentiality framework begins by allowing regulated entities that submit information to EPA to assert that such information contains TSCA CBI.  EPA "shall protect from

3

disclosure" such claimed TSCA CBI unless and until EPA "becomes aware that the information does not qualify for protection" from disclosure. *Id.*

If EPA acquires such awareness, it must provide a written notice to the submitter denying the confidentiality claim. Unless EPA determines that disclosure is "necessary to protect against an imminent and substantial harm to health or the environment," the agency must not release the information for 15 days after such notice. *Id.*; *see also* 40 C.F.R. §§ 2.203, 2.204(d) and 2.306. The submitter has the right to file an action in federal court to restrain any disclosure. 15 U.S.C. § 2613(g).

Here, because EPA has not denied Chemours' TSCA CBI claims nor determined that disclosure of the claimed CBI is needed to protect against an imminent and substantial harm, EPA is statutorily precluded from disclosing the claimed TSCA CBI.

Moreover, because Chemours asserts that information in the unredacted Complaint qualifies as TSCA CBI, sealing may be necessary to avoid disclosing information that would harm Chemours' competitive position. *See Nixon*, 435 U.S. at 598.

Lastly, the redacted Complaint has been filed on the public docket, and the redactions are limited to claimed TSCA CBI. Thus, the limits on public access to the court record are minimal and necessary to preserve Chemours' asserted CBI claims. *See* Loc. R. Civ. P. 26.4(c)(2)(A) (requiring motions to seal to explain availability of alternatives to sealing such as redaction).

In sum, the unredacted Complaint warrants sealing for as long as this case remains on the public docket.

**2. The Court Should Designate the Unredacted Complaint as an HSD**

The unredacted Complaint qualifies as an HSD because it contains information regarding Chemours' chemical processes that Chemours asserts constitutes intellectual property or trade secrets. *See* Sec. II.A, HSD General Order (listing intellectual property and trade secret as

categories of information that can justify HSD designation).  Accordingly, the Court should designate the unredacted Complaint as an HSD designation to adequately protect Chemours' claimed intellectual property or trade secrets.

*   *   *

To respect Chemours' TSCA CBI assertions, the United States respectfully requests that the Court file the unredacted Complaint under seal.  Further, the United States asks that the Court designate the unredacted Complaint as an HSD.

Dated: June 24, 2026

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment And Natural Resources Division
United States Department of Justice

*/s/ Sylvia Lam*
STEVEN O'ROURKE (Mass Bar # 565493)
KATE ABEND
Senior Counsel
SYLVIA LAM
JONAH SELIGMAN
Trial Attorneys
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-514-2779
Email:Steve.O'Rourke@usdoj.gov

5

MOORE CAPITO
United States Attorney

*s/ Jason S. Bailey*
Assistant United States Attorney
W. Va. State Bar No. 13582
United States Attorney's Office
300 Virginia Street East, Suite 4000
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: Jason.bailey2@usdoj.gov

OF COUNSEL:
Gracie Pendleton
U.S. EPA

*Counsel for United States of America*